IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAWNY CRANE,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, et al.,<br><br>  Defendants. | No.  2:23-CV-1716-DJC-DMC<br><br><br>ORDER |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the Court is Defendant's motion to compel non-party Robert Barton to comply with a subpoena for production of records. See ECF No. 13.

Defendant states that Mr. Barton was a retained "public adjuster" for Plaintiff's homeowner's insurance claims. See ECF No. 13-1, pg. 2. Defendant issued a subpoena to Mr. Barton pursuant to Federal Rule of Civil Procedure 45(a)(4) on December 7, 2023. See id. The subpoena sought all documents pertaining to Plaintiff's property that was damaged in the Camp Fire and/or all documents related to State Farm Claim nos. 55-6579-F62 and 55-7506-X32. See id. at 2-3. Defendant states that it served the subpoena on both Plaintiff and Mr. Barton, neither of whom filed a motion to quash. See id. at 2. More specifically, Defendant states that the subpoena was personally served on Mr. Barton on December 13, 2023.

A review of the documents submitted in support of Defendant's motion confirms that the subpoena was served on Plaintiff on December 7, 2023. See ECF No. 13-2 (Exhibit 1 to Adkins declaration). Defendant's motion also confirms that the subpoena was personally served on Mr. Barton on December 13, 2023. See ECF No. 13-3 (Exhibit 2 to Adkins declaration). Defendant's pending motion to compel, however, has not been served on Mr. Barton. While Defendant filed an amended notice of hearing on April 3, 2024, see ECF No. 16, that was also not served on Mr. Barton. As such, Defendants have failed to provide Mr. Barton with notice.

Defendant's motion is also untimely. Pursuant to the District Judge's scheduling order, fact discovery was set to be completed by May 10, 2024. See ECF No. 10. The word "completed" is defined in the District Judge's order to mean "that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed." Id. at 3, n.1. The District Judge's scheduling order also specifies that any discovery motions should be noticed to be heard by the assigned Magistrate Judge. See id. at 1-2.

Defendant's motion was filed on April 2, 2024, and improperly noticed for hearing before the District Judge. See ECF No. 13. On the same day, the District Judge issued a minute order directing that the motion be re-noticed before the undersigned. See ECF No. 14. On April 3, 2024, Defendant re-noticed its motion for hearing by the undersigned on May 8, 2024. This timeline failed to comply with the District Judge's order that discovery disputes be resolved, and any orders thereon be obeyed by May 10, 2024.

Because Mr. Barton was never provided with notice of the pending motion to compel, and because it is untimely, Defendant's motion will be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to compel, ECF No. 13, is DENIED.

Dated: August 7, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE